(71 Misc. Rep. 234.)

### LEVIN v. GATES et al.

(Supreme Court, Special Term, New York County. March 8, 1911.)

1. MORTGAGES (§ 535*)—FORECLOSURE—MERGER OF TITLE.

Where a first mortgagee forecloses without making a second mortgagee a party, and becomes the purchaser under the decree, his title under his mortgage is not merged in the fee, so as to allow, on foreclosure of the second mortgage, a sale free of the first mortgage; but as to such second mortgage he is a mortgagee in possession.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1556; Dec. Dig. § 535.*]

2. ESTOPPEL (§ 68*)—POSITION IN JUDICIAL PROCEEDINGS—RELIANCE OF DEFENDANTS ON PRIOR FORECLOSED MORTGAGE.

Defendants in an action to foreclose a mortgage, alleging that they are owners in fee of the premises and have a title superior to that of plaintiff, and that they were owners of a prior mortgage, and foreclosed it, serving plaintiff in the proceedings, and bought the property under a

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

decree which barred and foreclosed plaintiff, are not, as having only claimed the fee title, deprived of right to urge their title under the prior mortgage, which they immediately do, when at the trial they find their title under the sale, which they believed to be good, to be defective.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 165–169; ' Dec. Dig. § 68.*]

3. MORTGAGES (§ 458*)—PLEADING—AMENDMENT AT TRIAL.

Defendants in an action to foreclose a second mortgage, who had foreclosed their first mortgage without service on plaintiff, so as to bring him in as a party, and who might have counterclaimed for a foreclosure in their original answer, will not be allowed, at the trial, to amend their answer to so counterclaim; they having, when answering, known of all the facts, except plaintiff's knowledge of the original proceedings.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1339–1342; Dec. Dig. § 458.*]

4. MORTGAGES (§ 410*)—SECOND MORTGAGES—WAIVER OF RIGHT TO FORECLOSE.

A second mortgagee, having known of proceedings to foreclose the first mortgage, and of an attempted service on him therein, in fact made on his brother, and omitted to give notice of the defect, will, as having waived his right or estopped himself, be denied the right to foreclose in a court of equity as against the first mortgagees.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1178–1180; Dec. Dig. § 410.*]

Action by Abraham A. Levin against Emanual S. Gates and others, as substituted trustees, and others. Dismissed.

Abramson & Potter (Charles G. F. Wahle, of counsel), for plaintiff. Philip S. Dean, for defendants Vought and Ver Planck.

LEHMAN, J. The plaintiff is the owner of a mortgage for the sum of $4,000, which he seeks to foreclose. He alleges that the defendants have or claim to have some lien subsequent to the lien to foreclose which this action is brought. The defendants Vought and William G. Ver Planck, as substituted trustees, allege that they are owners in fee of said premises and have a title superior to that of the plaintiff, and also that they were, prior to July 9, 1909, the owners of a prior mortgage for $36,000 on the same premises, and that they foreclosed said mortgage, served the plaintiff and his wife in the proceedings, and bought the property under a decree which barred and foreclosed the plaintiff.

.The sole issue of fact at the trial was the question whether or not the plaintiff was served in the foreclosure suit brought by the defendants. Upon this issue the plaintiff prevailed, for it appeared undisputed that the summons and complaint were served by a detective of no great acumen upon the plaintiff's brother, who represented himself by a transparent fraud as the plaintiff. Upon the issues raised by the pleadings the plaintiff would ordinarily have become entitled to a decree of foreclosure and sale. [1] He claims that this sale should be free from any claim of defendants, on the ground that the defendants' title under the mortgage became merged in the fee which they acquired. Such a contention is not worthy of much consideration. In equity the merger depends upon the intention of the holder

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the title, and a court of equity will not hold that there was a merger where it clearly appears that such a result would work a hardship to him. Moreover, our courts have repeatedly held that under similar circumstances the holder of the title must, as to subsequent mortgagees not foreclosed, be regarded as a mortgagee in possession.

[2] The plaintiff urges that in all these cases the holder was asserting a right under the mortgage, while in this case he only claims the fee title. I find that this distinction does exist in the cases, but I do not find that it is a material distinction. The defendants here believed that they had a good title under the sale. When at the trial they found that it was defective, they immediately urged their title under the mortgage, and I now hold that there has been no merger. Moreover, in another action between these parties, brought by the defendants to foreclose the plaintiff's mortgage, the Appellate Division has held that they need not allege that the plaintiff was not served, but may bring an action to foreclose even a claim to the title (Vought v. Levin [not yet officially reported] 127 N. Y. Supp. 479), and this opinion is an authority, binding upon me in this case, that there has been no merger, even though the defendants choose to rely upon the validity of their own foreclosure. Under the authority of Denton v. Ontario County National Bank, 150 N. Y. 126, 138, 44 N. E. 781, this sale, if ordered, must be in subordination to all the defendants' rights.

[3] The defendants, however, claim that the sale should not be decreed, but that they should be allowed to amend their answer and plead as a counterclaim that the plaintiff knew of the pendency of their foreclosure proceedings, but omitted to give notice of his interest or to call attention in some way to the defect in the proceedings, and they are therefore entitled to a decree of strict foreclosure against the plaintiff. It appeared on the trial, from questions asked by myself, that the plaintiff and his brother were associated in business; that plaintiff knew that his brother had been served with a summons in some action, although the summons was intended for himself; that he never asked to see the papers, or inquired as to their contents, but that he did see the advertisement of sale, and consulted his attorney about it, but took no steps to call the attention of any of the parties to the defect in their proceedings.

I feel that I should not allow the amendment proposed. The defendants might have counterclaimed for a foreclosure in their original answer. They knew all the facts, except the plaintiff's knowledge of the original proceedings; but they preferred to bring an independent action. I do not feel that the mere fact that they now know that the action could be for strict foreclosure, instead of by the ordinary action, entitled them to amend their pleadings at the trial to obtain affirmative relief. [4] On the other hand, under the conceded facts, "it can be said that the junior mortgagee has waived the right to exercise the power of sale or estopped himself from insisting upon it, and in equity should be required to redeem." Denton v. Ontario County Bank, supra, 150 N. Y. 135, 44 N. E. 783. I will not, under

such circumstances, allow the plaintiff to assert his right in a court of equity.

If necessary, the pleadings may be amended to conform to the proof, in order to constitute a defense, and I will then dismiss the complaint, with costs.